[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13040
Non-Argument Calendar
_____

D.C. Docket Nos. 4:14-cv-00065-BAE-GRS,
4:12-cr-00160-BAE-GRS-1

CHARLIE M. GATSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 15, 2015)

Before ED CARNES, Chief Judge, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Charlie Gatson, a federal prisoner proceeding pro se, appeals the denial of

his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  He

argues that his trial counsel was constitutionally ineffective for failing to object to the district court's application of the Armed Career Criminal Act in his case.[1]  The district court denied his motion on the ground that his claim was barred by a collateral-attack waiver in his plea agreement.

Gatson contends that, by its terms, the waiver in his plea agreement does not bar his § 2255 motion.  The government expressly declines to rely on the waiver and asks that we reverse the district court's order and remand this matter for adjudication of Gatson's motion.  Because the parties agree that the waiver should not prevent the district court from reaching the merits of Gatson's motion, and because the district court identified no other ground of waiver, we will vacate and remand the judgment with instructions that the district court should consider as non-waived Gatson's claim that his attorney was constitutionally ineffective for not objecting to the application of the Armed Career Criminal Act at his sentencing.  We imply no view as to whether such a claim has any merit.

**VACATED AND REMANDED.**

---

[1] Gatson also claims that his sentence is unconstitutional because some parts of the Armed Career Criminal Act that affected his sentence are unconstitutionally vague.  That claim does not fall within the scope of the certificate of appealability (COA) in this case, and "our review of an unsuccessful § 2255 motion is limited to the issues enumerated in the COA." McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  Accordingly, we do not consider Gatson's vagueness argument.

2